IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | CRIMINAL NO. 97-00024 |
| EDDIE HANDS, | ) ) ) | |
| Defendant | ) | |

### ORDER

This matter is before the Court on two motions filed by Defendant Eddie Hands.  The first is a letter motion (Doc. 316) seeking clarification of the orders (Doc. 313 & 314)[1] granting a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines.  Specifically, Defendant asks why he did not receive two reductions since he filed two motions for reduction of sentence and both were granted.  Defendant filed a motion for reduction pursuant to Amendment 750 (Doc. 306).  Before that motion was ruled on, he filed a second motion for reduction pursuant to Amendment 782 (Doc. 310).  The short answer to Defendant's question is that the end result would have been the same whether one or both amendments were granted.[2]  In this case,

---

[1] The first order (Doc. 313) granted the motion; the second order (Doc. 314) amended the judgment.

[2] A sentencing reduction is authorized by statute only if the "sentencing range . . . has subsequently been lowered" by a retroactive amendment to the

either one would have reduced Defendant's base offense level to 32 and his total offense level to 40, resulting in a sentencing guideline range of 292 to 365 months.[3]

Defendant has also filed a "Motion for Extension of Time and/or Notice of Appeal." (Doc. 317.)  This motion is **DENIED**.  Defendant requests the Court either extend the time for filing a notice of appeal of the order reducing his sentence or treat the pleading as a notice of appeal. A notice of appeal by a defendant in a criminal case must be filed within 14 days of the entry of the order being appealed.  Fed. R. App. P. 4(b)(1)(A).  The order Defendant seeks to appeal was entered on the docket February 12, 2016.  Adding three days for service by mail, *see* Fed. R. App. P. 26(c), Defendant's notice of appeal was due no later than February 29, 2016.  The Court's ability to extend the time for filing a notice of appeal is limited.  The time may be extended "*for a period not to exceed 30 days* from the expiration [of the original appeal period]."  Fed. R. App. P. 4(b)(4).  Simply put, the appeal period could not be extended past

---

Sentencing Guidelines.  18 U.S.C. § 3582(c)(2).  Technically, perhaps, the Court should have granted one motion and denied the other since the sentencing range was lowered only once.

[3] Because Defendant was held accountable for both cocaine and crack cocaine, his base offense calculation required a drug equivalency conversion.  *See* U.S.S.G. § 2D1.1, comment. (n. 8) (when more than one type of controlled substance is involved in offense, convert each to its marihuana equivalent using Drug Equivalency Tables).  Amendment 782 did not change the applicable conversion ratios adopted by Amendment 750:  1 gram cocaine = 200 grams marihuana; 1 gram cocaine base ("crack") = 3,571 grams marihuana.  Defendant was held responsible for 35 kilograms of cocaine and 198 grams (7 ounces) of crack. Those amounts convert to 7,007.05 grams marihuana, which results in a base offense level of 32.

March 30, 2016. Although Defendant's motion is dated March 30, 2016, it was not filed with the Clerk of Court until April 7, 2016. Moreover, the notice cannot be considered timely filed under Fed. R. App. P. 4(c) (the "prison mailbox rule") because it contains no declaration or notarized statement setting forth the date of deposit in the institutional mail system.

    **DONE** and **ORDERED** this the 18th day of April, 2016.

                                                                   *s/Charles R. Butler, Jr.*
                                                                  **Senior United States District Judge**